IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASMINE K.,[1] o/b/o J.G., a minor child, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 7:18-cv-00078<br>) |
| ANDREW SAUL, Commissioner, Social<br>Security Administration,[2] | ) By: Elizabeth K. Dillon<br>) United States District Judge<br>) |
| Defendant. | )<br>)<br>) |

**MEMORANDUM OPINION**

Plaintiff Jasmine K., on behalf of J.G, a minor child, brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration (Commissioner), finding J.G. not disabled and therefore denying her claim for supplemental security income (SSI) under the Social Security Act (Act). Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On March 15, 2019, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 21.) Jasmine filed a timely objection on March 29, 2019. (Pl. Obj., Dkt. No. 22.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] On June 17, 2019, Andrew Saul was sworn in as the new Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the proper defendant.

1

recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny Jasmine's motion for summary judgment, and affirm the Commissioner's decision.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–6.)

## II. DISCUSSION

### A. Standard of Review

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*,

447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "[t]he purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

**B. Jasmine K.'s Objections**

In her brief to the magistrate judge in support of summary judgment, Jasmine argued that three of the ALJ's decisions were not supported by substantial evidence: that J.G. has less than marked limitation in interacting and relating with others; that J.G. has less than marked limitation in health and physical well-being; and that J.G.'s and Jasmine's subjective complaints were not

3

entirely credible. (Pl. Mot. Summ. J. 3–9, Dkt. No. 15.) Jasmine's objections to the magistrate judge's recommendation largely reiterate those arguments. (*See, e.g.*, Pl. Obj. 1 ("The Report and Recommendation erred in concluding substantial evidence supports the ALJ's determination that J.G. had a less than marked limitation in the domain of interacting and relating with others."); *id.* at 2 ("The Report and Recommendation erred in concluding substantial evidence supports the ALJ's determination that plaintiff had no serious problems in the domain of health and physical well-being."); *id.* at 3 ("The Report and Recommendation erred in concluding substantial evidence support [sic] the ALJ's determination regarding the allegations of J.G. and J.G.'s mother . . . .").) Jasmine's objections are mostly a condensed version of her summary judgment brief, and the court will not address arguments that were thoroughly explored by the magistrate judge. Nonetheless, even if the court were to consider the objections de novo, it would conclude that the magistrate judge's reasoning is correct and the ALJ's determination is supported by substantial evidence.

### 1. Interacting and relating with others

Jasmine first argues that the ALJ erred by considering only Dr. Gauthier's consultative exam in reaching her decision that J.G. had a less than marked limitation in the domain of interacting and relating with others. (*Id.* at 1.) She is correct that the ALJ relied on the report to find that "[a]t the consultative examination, [J.G.] was afraid of the examiner as a stranger but did show affection to her caregivers and walked toward her examiners. She pointed to objects to show people something interesting, and she was able to interact appropriately with others." (R. 69, Dkt. No. 8.) However, Jasmine singles out this passage from the ALJ's decision, apparently suggesting that this was the full extent of the ALJ's discussion. Jasmine suggests that by

4

limiting her discussion to the consultative examination, the ALJ must not have considered any other evidence when reaching her conclusion.

By isolating one portion of the ALJ's decision, Jasmine ignores the ALJ's reliance on several state agency medical consultants' opinions. In fact, the ALJ acknowledged that "the claimant does have some difficulty communicating due to some hearing deficits. However, this is not so severe that the claimant is totally unable to communicate and express her needs appropriately." (*Id.* at 64–66.) Moreover, as the magistrate judge found, "no doctor has indicated that J.G. has a marked limitation in this domain." (R&R 8.) The magistrate judge therefore correctly found that the ALJ built a logical bridge from the evidence to her conclusion, and the ALJ's finding as to the domain of interacting and relating with others is supported by substantial evidence.

### 2. Health and physical well-being

Jasmine next argues that the ALJ relied too heavily on Dr. Gauthier's consultative examination in making her determination that J.G. had no serious problems in the domain of health and physical well-being.[3] (Pl. Obj. 2.) Dr. Gauthier examined J.G. in June 2014, and, as Jasmine points out, J.G.'s asthma treatment changed between the 2014 examination and her application for benefits under the Act. (R&R 9–10.) Specifically, Dr. Gauthier's report noted that J.G. did not take controlling medication for her asthma, but J.G.'s medical history suggests she may have been taking controlling medication as of 2016. (*Id.*) Thus, Jasmine contends that

---

[3] Jasmine also argues that "the ALJ failed to explain how plaintiff's lack of hospitalization or intubation, her ability to say mom, dad, hello and goodbye and her ability to point to things she wants establish plaintiff has less than marked limitation in the domain of Health and Physical Well-Being." (Pl. Obj. 3.) To the extent these developmental factors may indicate a lack of generalized symptoms or limitations in physical functioning, the ALJ did not err in considering them as evidence of health and physical well-being. However, as discussed below, even if the ALJ incorrectly relied on this evidence, she also relied on other medical records, reports, and doctors' opinions which provide substantial evidence in support of her conclusion.

5

"the ALJ inaccurately assessed plaintiff's medical treatment, which impacted the ALJ's determination that plaintiff's limitation in this domain was less than marked," and the ALJ's conclusion was not supported by substantial evidence. (Pl. Obj. 3.)

However, the magistrate judge addressed Jasmine's argument in the R&R and found that "the ALJ clearly recognized that J.G. had a severe impairment of asthma, that she had visited the emergency room multiple times due to her symptoms, and that she took medication every day."[4] (R&R 10.) He further noted that the ALJ based her decision in part "on a number of other factors, including medical records and doctors' opinions." (*Id.*) Thus, even if the ALJ incorrectly relied on Dr. Gauthier's examination to reach her conclusion, the magistrate judge found this to be a harmless error. (*Id.* (citing *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994)).) The court agrees with the magistrate judge's conclusion that the ALJ's decision was supported by substantial evidence.[5]

## III. CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, the court will overrule Jasmine's objections and adopt the magistrate judge's recommendation. The court will therefore grant the Commissioner's motion for summary judgment, deny Jasmine's motion for summary judgment, and affirm the Commissioner's decision.

---

[4] Notably, the ALJ also considered that J.G.'s use of daily medications after her examination with Dr. Gauthier. (R. 65 ("[J.G.] was seen in April 2016 for pediatric follow-up that showed clear lungs, 99% oxygen levels on room air, and normal ear, nose, and throat examination. Notations indicated she continued on Singulair, allergy medications, and Qvar daily with some coughing and wheezing . . . .").)

[5] In her third objection, Jasmine merely restates the argument from her motion for summary judgment that the ALJ "failed to make any specific findings regarding the allegations of plaintiff's mother." (Pl. Obj. 3–4.) The R&R addressed Jasmine's argument in detail and found, correctly, that the ALJ discussed J.G.'s mother's allegations in detail. (R&R 11–14; R. 65–66, 69.) Accordingly, the court need not revisit this argument here. *Heffner*, 2017 WL 3887155, at *3

An appropriate order will be entered.

Entered: September 9, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge